NO. 14-10249

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

DAVID O. PETERSON

Plaintiff - Appellee
v.

BELL HELICOPTER TEXTRON, INC.

Defendant - Appellant

On Appeal from the United States District Court for the
Northern District of Texas – Fort Worth Division

REPLY BRIEF OF APPELLANT

Cynthia L. Hill
State Bar Number: 09623920
SHANNON, GRACEY, RATLIFF
& MILLER, LLP
420 Commerce Street, Suite 500
Fort Worth, Texas 76102
Telephone: (817) 336-9333
Fax: (817) 336-3735
E-Mail: chill@shannongracey.com

ATTORNEYS FOR DEFENDANT-
APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ..................................................................... iii

I.      ARGUMENT AND AUTHORITIES ............................................ 1

    A.    The District Court Erred in Denying Bell's Motion for Judgment as a Matter of Law Because Peterson Failed to Meet His Burden of Proving that Age was a Motivating Factor in Bell's Decision to Terminate His Employment as Part of the 2008 Reduction-In-Force ................................................................................ 1

        1.    Peterson did not establish that Bell's inclusion of him in the reduction in force was a pretext for age discrimination…. ..................................................... 2

    B.    Peterson is Not Entitled to Injunctive Relief ....................... 6

        1.    Peterson waived his entitlement to injunctive relief ................. 6

        2.    Peterson did not establish entitlement to injunctive relief under the TCHRA ............................................. 8

        3.    The injunctive relief entered by the District Court was impermissibly vague ....................................... 10

II.     CONCLUSION ........................................................................... 11

    CERTIFICATE OF SERVICE .................................................... 12

    CERTIFICATE OF COMPLIANCE ........................................... 13

# TABLE OF AUTHORITIES

<u>**Federal Cases**</u>:                                                          **Page**

*City of Los Angeles v. Lyons,* 461 U.S. 95 (1983) ................................................. 8

*Dresser-Rand Co. v. Virtual Automation Inc.,* 361 F.3d 831 (5th Cir. 2004) .......... 9

*Duff v. Farmers Ins. Exch.,* 2014 U.S. Dist. LEXIS 54835, *42
(N.D. Tex. 2014) ................................................................................................. 6

*E.E.O.C. v. Federal Express Corporation,* 180 Fed.Appx. 865
(11th Cir. 2006) ................................................................................................. 9

*E.E.O.C. v. General Lines, Inc.,* 865 F.2d 1555 (10th Cir. 1989)............................ 9

*E.E.O.C. v. Siouxland Oral Maxillofacial Surgery Associates, L.L.P.,*
578 F.3d 921 (8th Cir. 2009)............................................................................... 9

*Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150 (5th Cir. 2006)................................ 9

*Laxton v. Gap Inc.,* 333 F.3d 572 (5th Cir. 2011)..................................................... 4

*Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086 (5th Cir. 1995) ........................... 5,6

*McClain v. Lufkin Indus., Inc.,* 519 F.3d 264 (5th Cir. 2008)................................. 10

*Miller v. Eby Realty Group LLC,* 396 F.3d 1105 (10th Cir. 2005)........................ 4,5

*Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 149 (2000)................ 4

*Vaughn v. Woodforest Bank,* 665 F.3d 632 (5th Cir. 2011)...................................... 4

<u>**State Cases:**</u>

*Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735 (Tex. 2003)........................... 1

**State Statutes:**

Tex. Lab. Code § 21.051(1) .................................................................. 1

Tex. Lab. Code § 21.125(b) .................................................................. 7

**Rules:**

Fed. R. Civ. P. 11 ............................................................................... 7

Fed. R. Civ. P.  50 .............................................................................. 7

Fed. R. Civ. P. 54(d) ........................................................................... 7

Fed. R. Civ. P. 65 ............................................................................... 10

# I.
# ARGUMENT AND AUTHORITIES

**A.    The District Court Erred in Denying Bell's Motion for Judgment as a Matter of Law Because Peterson Failed to Meet his Burden of Proving that Age Was a Motivating Factor in Bell's Decision to Terminate His Employment as Part of the 2008 Reduction-in-force.**

As set forth in the principal brief filed by Defendant-Appellant Bell Helicopter Bell Helicopter Textron Inc. ("Bell"), under the Texas Commission on Human Rights Act, Tex. Labor Code § 21.051(1) (hereinafter "TCHRA"), in order to prevail a plaintiff must establish that the reasons given by the employer for an adverse employment action are false and that the prohibited factor is the real reason for the decision. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740 (Tex. 2003). As fully set forth in Appellant's Brief, Plaintiff-Appellee David Peterson (hereinafter "Peterson" or "Plaintiff-Appellee") did not submit sufficient evidence to establish that age was a motivating factor in his selection for the reduction in force ("RIF") and judgment as a matter of law in favor of Bell should have been granted.

Based on the *undisputed* evidence in this case, it was established at trial that: (1) Bell's reason for the reduction in force was legitimate (2) Bell developed an age neutral selection criteria for selecting employees for inclusion in the reduction in force; (3) applying the age neutral criteria, Peterson had the lowest performance evaluation scores within his job classification for several years prior

to the reduction in force; (4) Peterson was not replaced after the reduction in force; and, (5) Peterson's job duties were absorbed by existing employees. There was no evidence introduced at trial that: (1) any younger employee with lower performance evaluation scores was retained by Bell in the reduction in force; (2) any age animus in the form of comments or conduct was directed at Peterson; (3) any Bell employee was biased against Peterson because of his age; (4) the reduction in force was a subterfuge to terminate Peterson or any other employee within the protected class; or, (5) Peterson was treated any differently than the other 500 plus employees who lost their jobs during the reduction in force on the basis of his age. Rather than burdening the record, Bell reasserts the arguments and authorities contained in its principal brief and submits the following in response to the primary argument in Peterson's response.

### 1. Peterson did not establish that Bell's inclusion of him in the reduction in force was a pretext for age discrimination

In his principal brief Peterson has asserted that he must have been the subject of age discrimination because Bell cannot identify which of the two individuals tasked with the decision, his immediate supervisor, Anthony Moreland, or his second line supervisor, Robert Fitzpatrick, a member of Bell's Executive Leadership Team (hereinafter "ELT") made the ultimate decision to include him on the reduction in force list. Peterson reasons that this alleged failure established

2

that Bell's reason for including him in the reduction in force is, therefore, pretextual.[1] This argument has no factual basis and defies logic.

Peterson bases his argument solely on Mr. Moreland's claim that he was not the one to make the final decision to include Peterson on the RIF list.[2] However, there was substantial evidence that Mr. Moreland and/or his supervisor Mr. Fitzpatrick were the individuals who made the decision to include Peterson on the RIF list. The undisputed trial evidence established that meetings were held between Mr. Fitzpatrick and the managers under his supervision, including Mr. Moreland, regarding the RIF. ROA.3008-3010. Immediately after these meetings, Mr. Fitzpatrick personally returned his roster of employee data to his Senior HR Business Partner, Ken Reeves. ROA.3453. When Mr. Reeves received the roster of employee data from Mr. Fitzpatrick, Peterson was marked as one of the employees to be laid off. ROA.2756, 3397, 3420. Based on this overwhelming evidence, coupled with the undisputed fact that Mr. Moreland prepared the PMP's which formed the basis for the RIF decision, there is insufficient evidence to preclude the judgment in favor of Bell on this basis. ROA.3014, 3243-3237, 3352-3353, 3336-3338. Even if Bell was mistaken as to which one of Peterson's two supervisors

---

[1] In the Amended Judgment this was the sole basis identified by the District Court in support of the jury's finding of age discrimination. ROA.2734.

[2] At the time his testimony was given, Mr. Moreland was a co-worker of Peterson's at Bell's competitor, Sikorsky Aircraft.

ultimately made the ultimate decision to include him in the RIF, this potential discrepancy in no way goes to prove age discrimination. This is especially true in the present case when Peterson unequivocally stated that neither Mr. Moreland nor Mr. Fitzpatrick discriminated against him. ROA.3200, 3253-3254.

As this Court has repeatedly held, to establish pretext, a plaintiff must show that an employer's "proffered explanation is false or unworthy of credence." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)) (citation and internal quotation marks omitted). The one and only reason ever proffered by Bell as to Peterson's inclusion in the lay-off was that he had the lowest performance evaluation scores in his group for the years immediately preceding the reduction in force.

Unlike the factual situation in *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 149 (2000), the reason proffered by Bell for Peterson's termination is neither false nor is it unworthy of credence. At no point, either during trial or in his briefing before this Court, has Peterson submitted even a scintilla of evidence to suggest that his comparatively lower PMP scores was not the real reason for his inclusion on the reduction in force list. *Compare, Reeves,* 530 U.S. at 145 (plaintiff presented substantial evidence that employer's proffered reason, i.e. that he failed to maintain accurate attendance records, was blatantly false.) Furthermore, unlike the factual scenario presented in the Tenth Circuit's decision in *Miller v. Eby*

4

*Realty Group LLC,* 396 F. 3d 1105 (10th Cir. 2005), Bell did not continually alter its rational throughout the course of litigation. *Id* at 1112 (employer provided employee a demonstratively false reason at termination, provided a second false reason to the EEOC and a third reason at trial.) The comparatively lower PMP scores has been the only reason provided by Bell since the date that Peterson filed his initial claim with the EEOC through the trial in this matter.

Assuming *arguendo* that Bell had been mistaken as to who was the ultimate decision maker within the business unit and it was Mr. Fitzpatrick rather than Mr. Moreland[3], this mistake in no way demonstrates that age discrimination was behind the decision. Rather, at best it illustrates that at the time it answered interrogatories Bell believed that the decision was made by the individual who had the performed the yearly evaluations and ranked the employees which formed the basis for the lay-off criteria.[4] As this Court has held in analogous situations, the question is not whether an employer made a mistake; it is a question of whether there is a discriminatory motive. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). In the *Mayberry* case there was evidence that the employer may have

---

[3] At no point has Peterson submitted any evidence that any other individual made the allegedly discriminatory decision. The undisputed evidence at trial was that the only people who had input into the decision to include Peterson on the RIF list were Messrs. Moreland and Fitzpatrick. ROA.3455-3456.

[4] This mistake was entirely understandable since it was clearly established that Mr. Fitzpatrick was given the employee roster, met with Mr. Moreland and then returned the roster to the human resources department with Mr. Peterson's named marked for lay-off.

had an erroneous factual basis for the adverse employment decision. *Id.* In the present case the alleged issue does not even effect the underlying basis for the employment decision. Rather, Peterson is attempting to manufacture age discrimination by claiming that Bell cannot identify which individual, *both whom he testified did not discriminate against him*, made the decision to include him on the RIF list. Anti-discrimination laws protect against unlawful discrimination, not against employer mistakes. *Duff v. Farmers Ins. Exch.*, 2014 U.S. Dist. LEXIS 54835, *42 (N.D. Tex. 2014).

**B.    Peterson is Not Entitled to Injunctive Relief**

Over two years after the case was filed and over a month after the jury trial in this case had been concluded and the jury had determined that Bell would have terminated Peterson regardless of any consideration of age, Peterson asserted for the first time that he was entitled to injunctive relief against Bell.

**1.    Peterson waived his entitlement to injunctive relief**

As fully set forth and extensively supported by relevant authorities in Appellant's Brief, Peterson's request for a declaratory judgment and injunctive relief is untimely and has been waived. Rather than address the facts and authorities on the issue of waiver, Peterson posits that Bell should have been aware that he might be seeking post trial injunctive relief because equitable relief is available under the TCHRA. Peterson further claims that Bell and its counsel were

required to understand that he would be seeking injunctive relief pursuant to Federal Rule 11 when it asserted its mixed motive defense.

In support of this proposition, Peterson claims that on December 3, 2010, Bell sent discovery asking about his claim for equitable relieve. Conspicuously absent is the response to said discovery. That is because at no time during discovery or during the pretrial phase of this litigation did Peterson ever assert he was seeking injunctive relief. No request for injunctive relief was contained in Peterson's trial brief. No request for injunctive relief was contained in his initial Rule 50 Motion for Judgment. No request for injunctive relief was even alluded to in his original Rule 54(d) Motion for Costs and Fees, despite the fact that he made clear that he would be seeking other forms of relief such as front pay, back pay and punitive damages when he filed his renewed Rule 50 Motion for Judgment. ROA.1785.

Rather, it was only when he realized that under the existing state of the law, absent injunctive relief he could not obtain any attorney's fees under the TCHRA that the request for an injunction materialized. Peterson's late realization that he would not recover fees does not outweigh the equitable considerations of Bell's waiver argument. Accordingly, this Court should reverse the Amended Final Judgment entered by the District Court eight months post-verdict to the extent it provided injunctive relief under section 21.125(b) of the Texas Labor Code.

### 2.     Peterson did not establish entitlement to injunctive relief under the TCHRA

Peterson has failed to address the legal arguments contained in Appellant's Brief regarding entitlement to injunctive relief except to the extent of that he reiterates his mischaracterizations of Bell as a "repeat offender" with a "propensity for age discrimination." These unwarranted claims are based on a jury finding in a single trial which: (1) was based on facts that allegedly happened over ten years ago; (2) occurred in another state; (3) did not involve a reduction in force; (4) was based on conduct attributable to former Bell employees who took no part in Peterson's selection for the reduction in force; and, (5) was based on conduct attributable to former Bell employees who were not even employed by the company when Peterson was laid off.  As fully discussed in Appellant's Brief, an unrelated finding many years in the past that a company violated the law is not sufficient to establish a party's entitlement to injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983). This case is clearly distinguishable from cases where it is shown that an employer repeatedly flaunts discrimination laws and has no meaningful safeguards to prohibit discriminatory treatment. Contrary to Peterson's assertions, Bell has well defined anti-discrimination policies and procedures. Bell mandates training on these policies for its management team. ROA.3404-3408.

A verdict from a jury across the country does not obliterate Bell's long-standing record of adherence to anti-discrimination statutes when implementing numerous lay-offs affecting hundreds of employees. Multiple courts have held that injunctive relief is not warranted in such cases. In *EEOC v. General Lines, Inc.*, 865 F.2d 1555, 1556 (10th Cir. 1989) the Tenth Circuit declined to award injunctive relief based on a "single occurrence violation." Likewise, the Eleventh Circuit in *EEOC v. Federal Express Corporation*, 180 Fed.Appx. 865, 867 (11th Cir. 2006) (citations omitted) (unpublished decision) held that the injunctive relief was not available to redress "an isolated incident by a single manager who is no longer employed by FedEx." In *EEOC v. Siouxland Oral Maxillofacial Surgery Associates, L.L.P.*, 578 F.3d 921, 928 (8th Cir. 2009) the Eighth Circuit found that two isolated incidents of discrimination occurring more than five years before the request for injunctive relief did not indicate a consistent practice of discrimination suggesting that further discrimination was likely. *Id.*

Further, a prior verdict in an unrelated case does not satisfy the requirement that Peterson must show imminent harm, irreparable injury to obtain injunctive relief in this case. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 848 (5th Cir. 2004); *see also Fiber Sys. Int'l, Inc. v. Roehrs,* 470 F.3d 1150, 1159 n.6 (5th Cir. 2006). In this case there was no evidence that Peterson believed, much less had a reasonably-founded belief, that Bell was likely to commit any specific

9

discriminatory act against him in the future. Because there was no evidence of a specific, unlawful action by Bell that was likely to recur, the District Court resorted, improperly, to issuing an injunction that targeted no specific action, and instead broadly enjoined Bell from ever violating the ADEA or the TCHRA in the future.

### 3.    The injunctive relief entered by the District Court was impermissibly vague

With regard to the viability of the injunction entered in the present case, Peterson has completely failed to address this Court's controlling decision in *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). In the *McClain* case, this Court vacated a similar injunctive order requiring that the defendant "cease and desist all racially biased assignment and promotion practices," explaining that "[t]he court's injunction lacks the detail required under Federal Rule of Civil Procedure 65(d)" and "fails to afford notice to [the defendant] of its proscribed or required conduct and is therefore unenforceable." *Id.*

In the present case, the requested injunction is even more vague than the injunction in the *McClain* case, and merely mandates conduct that is already required by law. While Bell has great respect for the decisions of the Honorable Senior District Judge, the post-verdict injunction he entered does not satisfy the requirements of Federal Rule 65. Instead, it has the no doubt unintended effect of

making a disgruntled former employee, who now works for Bell's largest competitor, the arbiter of whether Bell has violated the law.

Peterson's reliance on the Court's decision in *EEOC v. Boh Brothers Constuction Company LLC*, 689 F.3d 458 (5th Cir. 2012) is misplaced. The injunctive relief at issue in the *Boh Brothers* case consisted of fifteen (15) clearly defined requirements and prohibitions related to posting, notifications to employees and other specific types of remedial actions required to be performed by the employer. *Id* at 470. The *Boh Brothers* case did not hold and this Court has never adopted any standard which would enable a private individual to obtain a blanket injunction which prohibits a company from violating the law.

## II.
## CONCLUSION

For the reasons set forth in Appellant's Brief and those contained herein, Defendant-Appellant Bell Helicopter Textron Inc. requests that the Court find that the evidence does not support the jury's verdict that age was a motivating factor in Bell's decision to include Peterson in the 2008 reduction in force. Based on the lack of evidence, Bell maintains that injunctive relief and an award of fees in this case are unwarranted. Bell requests that the Court find that the Amended Final Judgment awarding fees and injunctive relief was in error, reverse the judgment and render judgment in favor of Bell. Defendant-Appellant Bell Helicopter Textron Inc. further requests all other relief to which it may be justly entitled.

Respectfully submitted,

/s/ Cynthia L. Hill
Cynthia L. Hill
State Bar Number: 09623920
SHANNON, GRACEY, RATLIFF &
MILLER LLP
420 Commerce Street, Suite 500
Fort Worth, TX 76102
Telephone: (817) 336-9333
Facsimile: (817) 336-3735
E-mail: chill@shannongracey.com

ATTORNEY FOR DEFENDANT-APPELLANT

## CERTIFICATE OF SERVICE

On the 8th day of December 2014, I electronically submitted the foregoing document with the United States Court of Appeals for the Fifth Circuit using the electronic case filing system of the court. I hereby certify that all counsel of record have been served via ECF filing.

s/ Cynthia L. Hill
Cynthia L. Hill

## CERTIFICATE OF COMPLIANCE

1.  I certify that this brief complies with the type-volume limitation of FED. R. RECORD P. 32(a)(7)(B) because this brief contains 2902 words excluding the parts of the brief exempted by Fed. R. Record P. 32(a)(7)(B)iii.

2.  This brief complies with the typeface requirements of FED. R. RECORD P. 32(a)(5) and the type style requirements of FED. R. RECORD P. 32(a)(6) because this brief was prepared in a proportionately spaced typeface using Microsoft Word 2010, Times New Roman, font size 14 for text and size 13 in footnotes.

Dated this 8th day of December 2014.

s/Cynthia L. Hill
Cynthia L. Hill