No. 14-10249

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**


DAVID O. PETERSON,
Plaintiff-Appellee,


v.


BELL HELICOPTER TEXTRON, INC.,
Defendant-Appellant.


On Appeal from the United States District Court
for the Northern District of Texas
The Honorable Terry Means (No. 4:10-cv-00365-Y)


**BRIEF OF AMICUS CURIAE,
TEXAS EMPLOYMENT LAWYERS ASSOCIATION
IN SUPPORT OF PLAINTIFF-APPELLEE'S PETITION
FOR REHEARING EN BANC**


Robert E. McKnight, Jr.
S.D. Texas Bar No. 34128
Texas Bar No. 24051839
203 N. Liberty Street
Victoria, TX   77901
(361) 573-5500
mcknightr@lawmgk.com

Counsel for Texas Employment
Lawyers Association

## Supplemental Statement of Interested Parties

Pursuant to Fifth Cir. R. 29.2, the following persons and entities have an interest in the outcome of this case:

1. Texas Employment Lawyers Association ("TELA"), amicus curiae.

   TELA is a non-profit association, and has no stock owned by any other entity, no parent company or affiliates, and no subsidiaries.

2. Robert E. McKnight, Jr., attorney for TELA.

## Table of Contents

Supplemental Statement of Interested Parties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  I

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Identity, Interest, and Authority to File.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Authorship and Funding. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Table of Authorities**

**Cases**

*Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410 (5th Cir. 2011). . . . . . . . . . . . 10

*Becerra v. Mikeska Bar-B-Q, Inc.*, 2012 WL 987837 (Tex. App. 2012)). . . . . . . 10

*Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854 (Tex. App. 2004,
pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012) . . . . . . . . . . . . . . . . . . . 3

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992). . . 6, 7, 9

*Garcia v. City of Houston*, 201 F.3d 672 (5th Cir. 2000). . . . . . . . . . . . . . 4, 5, 7-10

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). . . . 5

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629 (Tex. 2012) . . . . . . 3

*Peterson v. Bell Helicopter Textron, Inc.*, No. 14-10249, 2015 WL 3528259
(5th Cir. June 4, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

*Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473 (Tex. 2001). . . . . . . . . . . . 3

*Reed v. Neopost USA, Inc.*, 701 F.3d 434 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . 3

*Sheppard v. Riverview Nursing Ctr.*, 88 F.3d 1332 (4th Cir.), *cert. denied*,
519 U.S. 993, 117 S. Ct. 483 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-10

*Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010), *abrogated on other
grounds by Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 186 L.
Ed. 2d 503 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Federal Statutes**

42 U.S.C. § 1988. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7, 8

42 U.S.C. § 2000e-2(m).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 2000e-5(g)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7, 8, 10

42 U.S.C. § 2000e-5(g)(2)(B)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6, 8-10

42 U.S.C. § 2000e-5(g)(2)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

42 U.S.C. § 2000e-5(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

**Texas Statutes**

TEX. LAB. CODE § 21.125 .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

TEX. LAB. CODE § 21.125(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. LAB. CODE § 21.125(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 8, 9, 10

TEX. LAB. CODE § 21.259(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**Identity, Interest, and Authority to File**

The Texas Employment Lawyers Association ("TELA") is a voluntary

membership organization of Texas lawyers who regularly represent employees in

labor, employment, and civil-rights disputes, both in Texas and in federal courts

throughout the Fifth Circuit. Because this Court's decisions involving employment

law directly affect many—if not most—of its members' clients, TELA's role as

*amicus curiae* in this case is appropriate.

Bell Helicopter Textron has declined to consent to the filing of this brief, so

TELA seeks (in the motion to which this brief is attached) the Court's

authorization for the filing of this brief.

## Statement of Authorship and Funding

No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund the preparation or submission of this brief. No person, other than TELA, its members, or its counsel in this matter, contributed money that was intended to fund the preparation or submission of this brief.

**Argument**

"The district court ... awarded Peterson attorneys' fees under [TEX. LAB. CODE] § 21.125(b),"[1] and "[n]o one questions that [§] 21.125 ... first adopted in 1995, was copied from [§] 107 of the 1991 federal statute [i.e., the Civil Rights Act of 1991, of which § 107 amended Title VII, partly at 42 U.S.C. § 2000e-5(g)(2)(B)], or that the state law is to be construed consistent with federal law."[2] Hence, Texas courts refer to federal case law when applying analogous parts of the Texas Commission on Human Rights Act,[3] including its fee-shifting provisions.[4]

But the panel's decision drives between these bodies of law a wedge that the statutes do not justify. In does so in conflict with this Court's efforts (consistently with *Mission*, *supra* note 3) to harmonize the two bodies of law.[5] It also conflicts

---

[1] *Peterson v. Bell Helicopter Textron, Inc.*, No. 14-10249, 2015 WL 3528259, at *5 (5th Cir. June 4, 2015).

[2] *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 482 (Tex. 2001) (Hecht, J., joined by Owen, J., dissenting) (footnotes omitted).

[3] "[W]e have consistently held that ... analogous federal statutes and the cases interpreting them guide our reading of the TCHRA." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) (footnotes omitted).

[4] *See, e.g.*, *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983), involving 42 U.S.C. § 1988, regarding a TCHRA fee award).

[5] *See, e.g.*, *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (citing *Mission*, *supra* note 3, for applying the statutes consistently when their language so allows).

with *Garcia v. City of Houston*, 201 F.3d 672 (5th Cir. 2000), by applying

§ 21.125(b) differently than *Garcia* applied § 21.125(b)'s Title VII analog. It

should be corrected by the Court En Banc.

*\* \* \**

Section 107(b), codified in part at 42 U.S.C. § 2000-5(g)(2)(B), allows a

plaintiff to recover fees and costs when "an individual proves a violation under

section 2000e-2(m)[6] of this title and a respondent demonstrates that the respondent

would have taken the same action in the absence of the impermissible motivating

factor ...."  A jury's finding of an illegal motivating factor, and its validation of the

same-action defense, amount to finding that the illegal factor was a cause, *but not

a but-for cause*, of the adverse action. In that circumstance, § 2000e-5(g)(2)(B)(I)

and (ii) allow limited forms of relief. Of most relevance here, the fees and costs

are limited to those "demonstrated to be directly attributable only to the pursuit of

a complaint under subsection 2000e-2(m)." 42 U.S.C. § 2000e-5(g)(2)(B)(i).[7]

---

[6] A plaintiff does so by "demonstrat[ing] that race, [etc.] ... was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). (Footnote not in original.)

[7] Section 2000e-5(g)(2)(B)(ii) excludes other forms of relief: the court "shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion, or payment [of back pay]."

4

(*Without* the limits of § 2000e-5(g)(2)(B)(I),[8] a plaintiff can recover fees and costs

for successful claims *and* for unsuccessful claims that are factually intertwined

with the former.[9]) The limits correlate with the lesser degree of causation that the

plaintiff has succeeded in proving.

This Court's opinion in *Garcia* was its last occasion to address (in a

published opinion) a fee award under § 2000e-5(g)(2)(B)(I). The *Garcia* jury

"found that [Houston] had considered race in its transfer process, but that even

without the use of this factor Garcia would not have received the promotion." 201

F.3d at 675. Hence, Garcia "received no damages and was denied an injunction"

(the opinion is silent on whether he received a declaratory judgment), but the

district court *did* "award[] Garcia $13,603 in attorneys' fees and $4,917 in costs."

*Id.* at 677. (He requested $61,888 in fees and $5,095.88 in costs. *Id.* at 675.)

---

[8] The limitation does not apply if the jury rejects the defendant's demonstration that it would have taken the same adverse action anyway: that is equivalent to finding that the at-issue protected characteristic was not just a motivating factor, but was a but-for cause. Alternatively, the limitation does not apply if the jury finds for the plaintiff under a but-for causation standard *because the evidence did not support submitting the case under the motivating-factor standard*. *Smith v. Xerox Corp.*, 602 F.3d 320, 333 (5th Cir. 2010) (citations and footnotes omitted), *abrogated on other grounds by Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013).

[9] "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983).

Houston argued that Garcia should have received no fees and costs. In affirming,

the Court established these points:

- An award of fees and costs under § 2000-5(g)(2)(B)(I) is discretionary, just as an award under the Title VII provision, 42 U.S.C. § 2000e-5(k),[10] for shifting fees *not* subject to the limitation of § 2000-5(g)(2)(B)(I). *Id.* at 678.

- Factors relevant to a discretionary award of fees and costs are "1) reasons why injunctive relief was or was not granted, 2) the public purposes served by resolving the dispute, and 3) whether the mixed-motive case demonstrated a 'widespread or intolerable' animus on the part of a defendant, or were the employer's actions justified by the plaintiff's behavior." *Id.* at 678 (citing *Sheppard v. Riverview Nursing Ctr.*, 88 F.3d 1332, 1336-37 (4th Cir.), *cert. denied*, 519 U.S. 993, 117 S. Ct. 483 (1996)).

Since *Garcia* described *Sheppard* as "[t]he most influential case on this

question," 201 F.3d at 678, it is worth a closer look, particularly since it addressed

the "prevailing party" status that was key to the denial of fees and costs to

Peterson in this case. *Sheppard* relied heavily on *Farrar v. Hobby*, 506 U.S. 103,

113 S. Ct. 566, 121 L. Ed. 2d 494 (1992), which it accurately described thus:

It is true that *Farrar* examined whether a plaintiff who receives only
nominal damages qualifies as a "prevailing party" under [42 U.S.C.]

---

[10] In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

6

§ 1988,[11] and that § 2000e-5(g)(2)(B) *contains no prevailing party requirement*. But the Court's discussion of the prevailing party threshold was only one of the decision's two principal elements .... *Farrar* also addressed a second issue, *one that lies at the heart of this case*: Assuming that a given plaintiff is eligible to receive attorney's fees, what factors should inform a district court's exercise of its statutory discretion in deciding whether to award fees?

*Sheppard*, 88 F.3d at 1336 (emphasis added). *Sheppard* was not concerned with

whether the plaintiff prevailed, because the statute does not require it *and* "[b]y

definition, an illicit factor will have played some role in cases subject to § 2000e-

5(g)(2)(B)." *Id.* Instead, it was concerned with "*Farrar*['s] require[ment] that

courts consider the relationship between the fees and the degree of the plaintiff's

success." *Id.* And because damages and individualized injunctive relief (i.e.,

reinstatement, etc.) were not permissible, the court's appraisal had to focus on "the

reasons why [broader] injunctive relief was or was not granted, or the extent and

nature of any declaratory relief," "whether the public purposes served by resolving

the dispute justifies the recovery of fees," and whether the evidence in the case

*primarily* demonstrated "a widespread or intolerable animus on the part of a

defendant" or "the plaintiff's unacceptable conduct which, by definition, will have

justified the action taken by the defendant." *Id.* at 1336.

   This Court in *Garcia* took the same approach. It acknowledged *Farrar*'s

---

[11] *Farrar* held that such a plaintiff is a prevailing party. 506 U.S. at 112; 113 S. Ct. at 573. (Footnote not in original.)

holding that fees are awardable under § 1988 only to prevailing parties, but it did

not consider whether Garcia—again, he "received no damages and was denied an

injunction," 201 F.3d at 677—prevailed. Instead, it focused on the three factors

that *Sheppard* drew from *Farrar* for appraising the relationship between the fees

and the plaintiff's degree of success when the traditional marker of success—

money damages—is absent. *Garcia*, 201 F.3d at 678-79.

The panel in this case should have taken the same approach to § 21.125(b),

which is substantively the same as § 2000e-5(g)(2)(B)(I) & (ii). It states:

> In a complaint in which a complainant proves a violation under
> Subsection (a)[12] and a respondent demonstrates that the respondent
> would have taken the same action in the absence of the impermissible
> motivating factor, the court may grant declaratory relief, injunctive
> relief except as otherwise provided by this subsection, and attorney's
> fees and costs demonstrated to be directly attributable only to the
> pursuit of a complaint under Subsection (a), but may not award
> damages or issue an order requiring an admission, reinstatement,
> hiring, promotion, or back pay.

It, just as the Title VII provisions, does not contain a prevailing-party requirement

beyond the requirement that the plaintiff will have proven, "[b]y definition, [that]

an illicit factor ... played some role." *Sheppard*, 88 F.3d at 1336.

---

[12] And subsection (a) of § 21.125 is substantively the same as § 2000e-5(g)(2)(B): "Except as otherwise provided by this chapter, an unlawful employment practice is established when the complainant demonstrates that race, [etc.] ... was a motivating factor for an employment practice, even if other factors also motivated the practice ...." *Cf. supra* note 6. (Footnote not in original.)

8

The panel, however, held that Peterson was "not a prevailing party according to *Farrar*," which applied "a traditional prevailing-party fees provision." *Peterson*, 2015 WL 3528259, at * 5. But both *Sheppard* and *Garcia* recognized that § 2000e-5(g)(2)(B)(I) is not such a provision, so the panel should have recognized that neither was § 21.125(b). Instead, it read § 21.125(b) *in pari materia* with § 21.259(a), which does require prevailing-party status.[13] That provision is the analog to Title VII's § 2000e-5(k) (*see supra* note 10). But neither *Sheppard,* nor this Court in *Garcia*, held that § 2000e-5(k)—a traditional prevailing party fees provision—imparts a prevailing-party requirement to § 2000e-5(g)(2)(B)(I) beyond the requirement that the plaintiff will have proven, "[b]y definition, [that] an illicit factor ... played some role." *Sheppard*, 88 F.3d at 1336. Likewise, the panel should not have held that § 21.259(a) imparts a prevailing-party requirement to § 21.125(b) cases.

The panel followed *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854 (Tex. App. 2004, pet. denied), where age motivated an adverse action but the defendant would have taken the same action anyway. *Id.* at 856. *Burgmann*, an

---

[13] "In a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs."

*Erie* authority of second rank,[14] read § 21.125(b) *in pari materia* with § 21.259(a)

and held that Burgmann did not prevail because "he was not awarded any actual

damages ... and was not awarded any non-monetary relief, such as reinstatement or

an injunction." *Id.* at 858. This approach to § 21.125(b), adopted by the panel,

conflicts with the *Garcia* (and *Sheppard*) approach to § 2000e-5(g)(2)(B)(I).[15] "No

one questions that [§] 21.125 ... first adopted in 1995, was copied from [provisions

codified at 42 U.S.C. § 2000e-5(g)(2)(B)], or that the state law is to be construed

consistent with federal law." *Quantum*, *supra* note 2. The panel's decision departs

from that approach, and should be corrected by the Court En Banc.

Date:  June 25, 2015                                    Respectfully submitted

                                                            /s/ Robert E. McKnight, Jr.
                                                            Robert E. McKnight, Jr.
                                                            Texas Bar No. 24051839
                                                            203 N. Liberty Street
                                                            Victoria, TX   77901
                                                            (361) 573-5500
                                                            mcknightr@lawmgk.com

                                                            Counsel for Texas Employment
                                                            Lawyers Association

---

[14] *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 418 (5th Cir. 2011).

[15] The panel also cited *Becerra v. Mikeska Bar-B-Q, Inc.*, 2012 WL 987837 (Tex. App. 2012), but it is not a case under § 21.125(b).

10

**Certificate of Service**

I hereby certify that I have on June 25, 2015, electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will accomplished through the CM/ECF system.

/s/ Robert E. McKnight, Jr.
Robert E. McKnight, Jr.